UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REYNA TRAGERMAN, | No. CV 11-6097-PLA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I.

## PROCEEDINGS

Plaintiff filed this action on July 25, 2011, seeking review of the Commissioner's denial of her applications for disabled widow's Insurance Benefits and Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on August 10, 2011, and August 16, 2011. Pursuant to the Court's Order, the parties filed a Joint Stipulation on March 26, 2012, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## BACKGROUND

Plaintiff was born on January 6, 1956. [Administrative Record ("AR") at 67.] She completed two years of college, and has past relevant work experience as an assistant store manager, a deli manager, and an in-home care provider. [AR at 156, 159, 179, 185-87.]

Plaintiff filed an application for disabled widow's Insurance Benefits on January 11, 2008, and an application for Disability Insurance Benefits on July 27, 2009, alleging that she has been unable to work since February 28, 2006, due to problems with her shoulder, back, and elbow, mental problems, and anxiety.[1] [AR at 17, 68-72, 112-15, 138-45, 154-60, 164-70.] After her applications were denied initially, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 37-38, 68-74.] A hearing was held on October 13, 2009, at which time plaintiff appeared with counsel and testified on her own behalf. [AR at 39-66.] A vocational expert ("VE") also testified. [AR at 59-65.] On November 16, 2009, the ALJ determined that plaintiff was not disabled. [AR at 17-25.] On March 10, 2011, the Appeals Council denied plaintiff's request for review. [AR at 3-7, 13.] This action followed.[2]

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

---

[1] Plaintiff also protectively filed an application for Supplemental Security Income payments on April 17, 2008, alleging that she has been unable to work since September 5, 2005. [AR at 17, 123-32.] That application was denied initially on April 25, 2008. [Joint Stipulation ("JS") at 2; AR at 17.] That determination is not at issue here. [See JS at 2; AR at 17, 213.]

[2] On May 9, 2011, plaintiff filed with the Appeals Council a request for an extension of time in which to commence a civil action in federal court for review of the Commissioner's final decision. [AR at 2.] On September 23, 2011, the Appeals Council extended the deadline for plaintiff to commence a civil action to July 25, 2011. [AR at 1.]

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.     THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id.  If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or

equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.   THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since her alleged disability onset date, February 28, 2006. [AR at 19.][3] At step two, the ALJ concluded that plaintiff has the severe impairments of degenerative changes, right shoulder, status post right shoulder arthroscopy and repair of labral tear; lateral epicondylitis (right elbow), status post right elbow surgery; status post right wrist arthroscopy and carpal tunnel release, peripheral triangular fiber cartilage tear (right wrist); and degenerative disc disease (lumbar spine). [AR at 20.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically equals any of the impairments in the Listing. [Id.] The ALJ further found that plaintiff retained the residual functional capacity

---

[3]   The ALJ concluded that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2012, and also meets the non-disability requirements for disabled widow's benefits, with the prescribed period ending on January 31, 2015. [AR at 19.]

("RFC")[4] to perform less than the full range of "light work" as defined in 20 C.F.R. § 404.1567(b),[5] "e.g., she can only: lift and carry 20 pounds occasionally, 10 pounds frequently, can stand and walk for six hours in an eight hour workday, can sit for six hours in an eight hour workday, is limited to occasional climbing, stooping, kneeling, crouching, reaching in any direction at or above shoulder level with the right upper extremity." [AR at 20-21.] At step four, the ALJ concluded that plaintiff is capable of performing her past relevant work as a retail assistant store manager and a deli manager. [AR at 23.] Accordingly, the ALJ determined that plaintiff has not been disabled at any time from February 28, 2006, through November 16, 2009, the date of the decision. [AR at 24-25.]

**V.**

**THE ALJ'S DECISION**

Plaintiff contends that the ALJ improperly determined that she can do her past relevant work as an assistant store manager and a deli manager. [JS at 5-9, 12-14.] As set forth below, the Court respectfully disagrees with plaintiff and affirms the ALJ's decision.

At step four, the ALJ must determine whether plaintiff's RFC allows her to return to her past relevant work. Lester, 81 F.3d at 828 n.5; 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Plaintiff has the burden of establishing that she cannot "return to [her] former *type* of work and not just to [her] former job." Villa v. Heckler, 797 F.2d 794, 798 (9th Cir.1986) (emphasis in original); see also Terry v. Sullivan, 903 F.3d 1273, 1275 (9th Cir. 1990) (citing id.) ("The burden of establishing disability is initially on the claimant, who must prove that she is unable to return to her former type of work."). However, the ALJ must make findings of fact regarding plaintiff's RFC, the physical and mental demands of plaintiff's past work, and whether plaintiff can return to her past

---

[4] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[5] 20 C.F.R. § 404.1567(b) defines "light work" as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls."

5

relevant work "either as actually performed or as generally performed in the national economy." Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). A claimant is typically the primary source for determining how a job was actually performed. Social Security Ruling[6] 82-62. But when determining how a job is generally performed, the ALJ can rely on the descriptions given by the Dictionary of Occupational Titles ("DOT") or a vocational expert. See SSR 82-62; Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

The DOT raises a presumption as to job classification requirements. See Johnson, 60 F.3d at 1435; see also Pinto, 249 F.3d at 845-46 ("the best source for how a job is generally performed is usually the [DOT]") (internal citations omitted). A claimant is entitled to challenge an ALJ's classification of her past relevant work under the DOT, however. See Villa, 797 F.2d at 798; see also, e.g., Goodenow-Boatsman v. Apfel, 2001 WL 253200, at *7 (N.D. Cal. Feb. 27, 2001) ("plaintiff may challenge the ALJ's classification of her past relevant work according to the DOT"). She "may overcome the presumption that the Dictionary's entry for a given job title applies to [her] by demonstrating that the duties in [her] particular line of work were not those envisaged by the drafters of the category." Villa, 797 F.2d at 798. Alternatively, the claimant may "undertak[e] the burdensome task" of showing the DOT inaccurately describes the exertional demands of the type of work in question. See id. If the ALJ "incorrectly categorize[s] [a claimant's] occupation under [a DOT] job title ..., then 'the description applicable to that category is irrelevant to the determination of the exertional capacities required in [her] former occupation.'" Villa, 797 F.2d at 798 (quoting Tingle v. Heckler, 627 F.Supp. 544, 545 (S.D. Miss. 1986)).

Plaintiff argues that she cannot perform the job of assistant store manager, as classified by the ALJ and as it is generally performed in the national economy, because the job chosen by the ALJ does not accurately reflect the duties of plaintiff's past work. Specifically, plaintiff contends that

---

[6] Social Security Rulings ("SSR") do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

the ALJ erred by classifying plaintiff's past work as an assistant store manager under DOT No. 189.167-018 (management trainee), because "[plaintiff] did not perform duties under the direction of experienced personnel to gain promotion to management" and "never identified herself as a trainee." [JS at 6-7.]

Plaintiff described her assistant store manager job as involving management, sales, marketing, stocking, customer service, and "aspects of [the] entire store." [AR at 179.] At the hearing before the ALJ, the VE testified that plaintiff has performed the job of "a retail assistant store manager, [DOT No.] 289.167-018, [specific vocational preparation]-6,[7] light."[8] [AR at 60.] The VE then specifically considered plaintiff's right upper extremity reaching limitation and testified that the stocking demands of the job of assistant store manager sometimes require reaching more frequently than what is listed in the DOT for that job. [See AR at 61.] In fact, DOT No. 189.167-018 requires reaching only "occasionally," i.e., up to one-third of the time. DOT No. 189.167-018. The VE testified that, accounting for this reaching demand, the number of assistant store manager jobs in the national and local economies that could be performed by an individual with plaintiff's RFC and other relevant characteristics would be eroded by at least 50 percent. [AR at 60-62.] At step four, the ALJ relied on the VE's testimony to find that plaintiff has past relevant work as a "retail assistant store manager (Dictionary of Occupational Titles ... # 189.167-018)," and that plaintiff can perform this past relevant work as it is generally performed. [AR at 23-24.]

The DOT provides the following definition for DOT No. 189.167-018, "Management Trainee":

---

[7] The DOT defines the specific vocational preparation ("SVP") level of a job "as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, Appendix C - Components of the Definition Trailer, 1991 WL 688702 (1991). Jobs in the DOT are assigned SVP levels ranging from 1 (the lowest level) to 9 (the highest level). Id.

[8] The parties agree that there is no occupation in the DOT bearing the number 289.167-018. [See DOT; JS at 5, 9-10 n.2.] Defendant asserts that the ALJ in his decision "referenced the correct DOT code (189.167-018)" [JS at 10 n.2], which has an SVP level of 6 and which is classified as light work. See DOT No. 189.167-018. Plaintiff does not offer an alternate DOT number that she asserts properly describes her job as an assistant store manager, and the Court is not aware of any DOT occupation that more accurately reflects the job about which the VE testified.

> Performs assigned duties, under direction of experienced personnel, to gain knowledge and experience required for promotion to management positions: Receives training and performs duties in several departments, such as credit, customer relations, accounting, or sales, to become familiar with line and staff functions, operations, management viewpoints, and company policies and practices that affect each phase of business. Observes experienced workers to acquire knowledge of methods, procedures, and standards required for performance of departmental duties. Workers are usually trained in functions and operations of related departments to facilitate subsequent transferability between departments and to provide greater promotional opportunities. May be required to attend company-sponsored training classes.

DOT No. 189.167-018.

The ALJ's determination that plaintiff's description of her duties as an assistant store manager closely mirrors the management trainee job described at DOT No. 189.167-018 is supported by substantial evidence, and thus the Court must defer to the decision of the Commissioner. See Andrews, 53 F.3d at 1039-40. Plaintiff has not met her burden of establishing that DOT No. 189.167-018 is an inaccurate classification of her past job as an assistant manager. First, she stated that she held management responsibilities at that job, which parallels the elements of "gain[ing] knowledge and experience required for promotion to management positions" contained in DOT No. 189.167-018. In addition, plaintiff described her former work as involving sales, marketing, and customer service. The DOT description for the job of management trainee also includes duties related to sales and customer relations. Finally, plaintiff stated that she was responsible for stocking and "aspects of [the] entire store," which is comparable to the duty contained in DOT No. 189.167-018 to "become familiar with line and staff functions, operations, management viewpoints, and company policies and practices that affect each phase of business." Plaintiff does not claim that any of the duties from her job as an assistant store manager are *not* encompassed in the DOT's description for the job of management trainee. Moreover, the Court finds unpersuasive plaintiff's argument that DOT No. 189.167-018 is not an accurate description of her former type of work because "[she] did not perform duties under the direction of experienced personnel to gain promotion to management." As an <u>assistant</u> store manager, plaintiff by definition would have worked under another management employee. That she may not have been seeking promotion to a higher management position does not render the rest of the DOT's description for

the job of management trainee unrepresentative of plaintiff's former duties as an assistant store manager. Plaintiff has not demonstrated that the duties of her former type of work are sufficiently distinct from the duties of a management trainee, DOT No. 189.167-018. Moreover, plaintiff does not raise any argument that DOT No. 189.167-018 inaccurately describes the *exertional* demands of the type of work in question. As such, she has not shown that DOT No. 189.167-018 is an inaccurate classification of her past job as an assistant manager, and has not met her burden of establishing that she is incapable of performing her past relevant work -- the job of management trainee, DOT No. 189.167-018 -- as it is generally performed.

Plaintiff also contends that "[t]he evidence about [plaintiff's past] work as generally performed deviates from the DOT without a persuasive basis." [JS at 13-14.] "[I]n order for an ALJ to rely on a job description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation." Pinto, 249 F.3d at 847 (internal citation omitted). In addition, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Johnson, 60 F.3d at 1435. Insofar as plaintiff asserts that the ALJ deviated from the DOT by classifying her past type of work as that of a management trainee, DOT No. 189.167-018, such an argument relates to the classification of plaintiff's past work, addressed supra, and not any deviation from the DOT. Moreover, to the extent that plaintiff contends the ALJ deviated from the DOT because the job requirements of DOT No. 189.167-018 are in conflict with plaintiff's RFC, plaintiff does not identify any specific conflict. Indeed, there is no conflict between DOT No. 189.167-018's classification as light work (with its requirement of occasional reaching), and the ALJ's determination that plaintiff can perform light work with certain limitations, including that of "occasional ... reaching in any direction at or above shoulder level with the right upper extremity." Nevertheless, the VE testified that even as performed, there are management trainee jobs that are consistent with plaintiff's right upper extremity reaching limitation. [See AR at 60-62.] Thus, plaintiff has not established that she cannot do her past work on the basis that the ALJ's decision deviated from the DOT.

/

9

Finally, plaintiff argues that the VE's erosion of at least 50 percent of the occupational base for the job of management trainee undermines the ALJ's conclusion (based on the VE's testimony) that plaintiff can perform this job. [JS at 7-8.] This contention fails. "In determining whether a claimant can perform [her] past work [at step four of the disability analysis], the ALJ 'will not consider [a claimant's] vocational factors of age, education, and work experience or whether [a claimant's] past relevant work exists in significant numbers in the national economy.'" Hiller v. Astrue, 2010 WL 653730, at *13 (D. Nev. Feb. 22, 2010) (quoting 20 C.F.R. § 404.1560(b)(3)); see also Ruiz v. Astrue, 2011 WL 1648792, at *4 (S.D. Cal. May 2, 2011) (citing 20 C.F.R. § 404.1560(b)(3)) (ALJ's determination supported by substantial evidence where he determined that the plaintiff could perform her past relevant work as actually and generally performed, and thus did not consider, among other things, whether her past relevant work existed in significant numbers in the national economy) (internal quotations omitted).

Accordingly, the ALJ did not err by finding that plaintiff can return to her past relevant work as it is generally performed -- the job of management trainee, DOT No. 189.167-018.[9] Therefore, the Court must affirm. See Moncada, 60 F.3d at 523 ("We must affirm if we determine that substantial evidence supports the findings of the [ALJ] and that the ALJ applied the correct legal standards.").

/
/
/
/
/
/

---

[9] In light of this determination, the Court finds it unnecessary to address whether the ALJ erred in finding that plaintiff can perform her past job of assistant store manager as *actually* performed, and her past relevant work of deli manager, both as actually performed and as generally performed. See Robbins v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 728 (9th Cir. 2011) (an error is harmless where it is "inconsequential to the ultimate nondisability determination") (internal citation omitted).

## VI.
## CONCLUSION

**IT IS HEREBY ORDERED** that: 1. plaintiff's request for reversal, or in the alternative, remand, is **denied**; and 2. the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: April 10, 2012

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE